# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Lamond J. Ellis,
    Petitioner,

vs.                                  Case No. 1:03cv61
                                           (Weber, J.; Black, M.J.)

Deb Timmerman-Cooper,[1]
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the London Correctional Institution in London, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's "Answer/Return of Writ." (Docs. 1, 5).

### Procedural Background

On January 12, 2001, petitioner was indicted by the Hamilton County, Ohio

---

[1] In the petition, petitioner properly named as respondent Mark Houk, who was then Warden of London Correctional Institution (LCI), where petitioner is incarcerated. However, since the time petitioner instituted this action, Deb Timmerman-Cooper has replaced Mark Houk as LCI's Warden. Because Deb Timmerman-Cooper is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

grand jury on one count of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A) and one count of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A); a major drug offender specification was attached to each count. (Doc. 5, Ex. A). On March 28, 2001, petitioner entered a guilty plea to the trafficking count in exchange for dismissal of the possession charge and the major drug offender specifications. (*See id.*, Exs. B, E). On June 15, 2001, petitioner was sentenced to a mandatory term of six (6) years in prison. (*Id.*, Exs. C, D).

Petitioner did not timely appeal his conviction or sentence. Instead, on Februrary 7, 2002, with the assistance of new counsel, he filed a "Petition To Vacate And/Or Set Aside Judgment/Plea." (*Id.,* Ex. F). In the petition, petitioner argued that he should be allowed to withdraw his guilty plea because it was not made voluntarily and intelligently. In support of this claim, petitioner alleged his trial counsel had promised him that the guilty plea would result in only a three year prison sentence. (*Id.*). On May 3, 2002, the trial court issued an Entry declining to entertain the petition because petitioner did not file the petition "within the time limits set in R.C. 2953.21(A)" and failed to satisfy the conditions for consideration of a tardy petition to vacate set forth in Ohio Rev. Code § 2953.23(A). (*Id.*, Ex. H). On June 3, 2002, the court issued an Amended Entry denying post-conviction relief "[b]ased on insufficient evidence in support of the petition and defendant's failure to raise the issue on direct appeal." (*Id.*, Ex. I). It appears from the present record that petitioner did not attempt to appeal the trial court's decisions denying state post-conviction relief. (*Id.,* Brief, p. 3).

Thereafter, on October 9, 2002, with assistance from the same attorney who represented him in the state post-conviction proceedings, petitioner attempted to appeal his June 15, 2001 conviction and sentence to the Ohio Court of Appeals, First Appellate District, by filing a notice of appeal. (*See id.*, Ex. J). On November 15, 2002, the Court of Appeals *sua sponte* dismissed the appeal "for failure of the appellant to comply with the Ohio Rules of Appellate Procedure to wit: the Notice of Appeal was not timely filed." (*Id*. Ex. K). There is no indication in the record that petitioner attempted to appeal this decision to the Supreme Court of Ohio.

Petitioner next initiated the instant federal habeas corpus action. In the petition, which was signed by petitioner on December 19, 2002, petitioner avers that he submitted the petition to prison officials for mailing on December 19, 2002. (Doc. 1, p. 7). The petition was stamped as "received" by the Court on December

28, 2002 and as "filed" on January 22, 2003.  (*See id.,* p. 2).  Petitioner alleges the following four grounds for relief:

> **Ground One**:  Conviction obtained by use of Evidence gained pursuant to an unconstitutional search and seizure.
>
> **Supporting Facts**:  Business address was searched by Law Enforcement Officer[]s without a Warrant, and also without any probable cause for the Police to believe that illegal drug[]s could ever be found on the premises.
>
> **Ground Two**:  Ineffective Assistance of Trial Counsel.
>
> **Supporting Facts**:  Trial Attorney failed to challenge a viable Fourth Amendment Claim by neglecting to file a Pre-Trial Motion to Suppress Evidence that was obtained by Law Enforcement Official[]s through . . . [an] illegal search and seizure.
>
> **Ground Three**:  Ineffective Assistance of Trial Counsel.  Denial of Right to a Direct Appeal.
>
> **Supporting Facts**:  Trial Counsel failed to consult with Client and advise that there were meritable ground[]s for filing a Direct Appeal on the basis of Trial Lawyer's Ineffectiveness to challenge a viable Fourth Amendment Claim in a competent manner where neglecting to file a Motion to Suppress Evidence Prejudiced the Petitioner's Fourteenth Amendment Right[]s because excluding the Evidence would have terminated the charges and done away with the State's Case against the Petitioner. . . .
>
> **Ground Four**: Ineffective Assistance of Appella[te] Counsel.
>
> **Supporting Facts**:  Appella[te] Counsel failed to file Motion to Vacate or Set Aside Sentence in a timely manner -thus- causing prejudice to the Petitioner's Sixth and Fourteenth Amendment Right[]s to exhaust all available State Remedies.

(*Id.*, pp. 5-6).
    On January 21, 2003, after commencing the instant action, petitioner also

filed with the Hamilton County Common Pleas Court a *pro se* post-sentence motion to withdraw his guilty plea pursuant to Ohio R. Crim. P. 32.1. (Doc. 5, Ex. M). In the motion, petitioner contended that his guilty plea was "void" due to his trial counsel's ineffectiveness in failing to file a pre-trial motion to suppress evidence illegally obtained in violation of the Fourth Amendment. (*See id.*). Petitioner claimed that his counsel's "deficient performance had the effect of coercing [his] guilty plea." (*Id.*, p. 7). On January 27, 2003, the trial court overruled petitioner's motion. (*Id.*, Ex. N). In so ruling, the court reasoned in relevant part:

> . . . . [A] motion to withdraw a guilty plea after the time for appeal has expired is in essence a motion for post-conviction relief under O.R.C. 2953.21 et seq. The defendant's previous motion for a tardy post conviction petition was overruled on May 3, 2002. The appeal from that order was dismissed on November 15, 2002.
>
> Wherefore since this motion to withdraw the plea is in essence a subsequent tardy motion for post conviction relief upon the same grounds, it must be dismissed.

(*Id.*). Based on the present record, it appears that petitioner did not attempt to appeal this decision within the state court system. (*See id.,* Brief, p. 4).

## OPINION

### A. The Claims Alleged In Grounds One Through Three Should Be Dismissed With Prejudice Because They Are Time-Barred Under 28 U.S.C. § 2244(d)

In the return of the writ, respondent argues that the petition should be dismissed with prejudice because it is barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, which governs federal habeas corpus petitions brought by persons in custody pursuant to a state court judgment. (Doc. 5, Brief, pp. 5-8).

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year

4

from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the claims alleged in Grounds One through Three of the petition involve allegations of error occurring during the trial proceedings. Petitioner has neither argued nor alleged facts to suggest that the underlying factual bases for these claims could not have been discovered through the exercise of due diligence before the expiration of time for seeking direct review in the Ohio courts.[2] Therefore, petitioner's first three grounds for relief are governed by 28 U.S.C. § 2244(d)(1)(A), which provides that the statute of limitations begins to run from the date on which the challenged judgment became "final" by the

---

[2] In his motion to withdraw his guilty plea filed on January 21, 2003, petitioner avers that before he entered his guilty plea, he told his trial attorney that the Cincinnati police had requested permission to search his business, to which he never gave his consent, "thereby suggesting to all that if permission to search the [business] was needed before the Police could enter the premises and look for Drug[]s or any kind of illegal Contraband, then ipso facto it is also blatantly obvious that these Police Officer[]s did not obtain or possess a search warrant to search the [business.]" (Doc. 5, Ex. M, p. 4) (emphasis in original). Based on petitioner's own admission, it appears he was aware of the alleged Fourth Amendment violation forming the factual basis for the claims alleged in Grounds One through Three of the instant petition, when he entered his guilty plea in the challenged state criminal proceeding.

conclusion of direct review or the expiration of time for seeking such review.[3]

Based on the present record, it appears that petitioner's conviction became "final" for statute of limitations purposes on July 15, 2001, when the thirty (30) day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's final Judgment Entry issued June 15, 2001. *See* Ohio R. App. P. 4(A). The statute of limitations commenced running the following day on July 16, 2001, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and ended one year later absent the application of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.[4]

During the one-year limitations period, petitioner was entitled to the benefits of the tolling provision set forth in 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000).[5] The tolling provision, however, does not

---

[3] In contrast, petitioner claims in Ground Four of the petition that he received ineffective assistance of counsel when the attorney who represented him post-trial failed to timely file his state post-conviction petition. (Doc. 1, p. 6). Because the facts underlying this claim did not occur until after petitioner's conviction became "final" within the meaning of 28 U.S.C. § 2244(d)(1)(A), it is governed by a different statute of limitations provision. Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(D), the statute of limitations did not begin to run until the factual predicate of the claim could have been discovered through the exercise of due diligence. Petitioner could not have discovered the factual predicate of the claim alleged in Ground Four until he was notified of the trial court's ruling on May 3, 2002 denying his post-conviction petition on timeliness grounds. Petitioner filed the instant petition in December 2002, well within the one-year limitations period. Therefore, unlike the claims alleged in Grounds One through Three, the claim alleged in Ground Four is not time-barred.

[4] In this case, petitioner's counsel filed a notice of appeal with the Ohio Court of Appeals on October 9, 2002. (*See* Doc. 5, Ex. J). Although arguably considered part of the direct review process, this motion, which was dismissed as untimely-filed by the Court of Appeals, did not cause the statute of limitations to begin running anew under 28 U.S.C. § 2244(d)(1)(A), but rather at best only could serve to toll its running. *See, e.g., DiCenzi v. Rose,* 419 F.3d 493, 496-97 (6th Cir. 2005) (motion for delayed appeal to Supreme Court of Ohio, "*even if granted*, does not restart the statute of limitations, but if properly filed, it does toll the statute during the time the motion was pending") (emphasis added) (citing *Searcy v. Carter,* 246 F.3d 515, 518-19 (6th Cir.), *cert. denied,* 534 U.S. 905 (2001)).

[5] *See also Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir.

"'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).[6] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Rashid,* 991 F. Supp. at 259.[7]

In this case, the statute of limitations, which commenced running on July 16, 2001, ran for 206 days before it was arguably tolled on February 7, 2002, the date petitioner's counsel filed the "Petition To Vacate And/Or Set Aside Judgment/Plea" with the Hamilton County Court of Common Pleas. Respondent argues that the statute of limitations was not tolled during the pendency of this state post-conviction petition because the petition was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2)'s tolling provision. (Doc. 5, Brief, p. 7).

In *Artuz v. Bennett,* 531 U.S. 4, 8 (2000), the U.S. Supreme Court held that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. The Sixth Circuit has held that an Ohio prisoner's post-conviction petition dismissed by the state courts as untimely-filed is not "properly filed" and, therefore, cannot serve to toll the limitations period under § 2244(d)(2). *Vroman v. Brigano,* 346 F.3d 598, 603 (6th Cir. 2003); *see also Israfil v. Russell,* 276 F.3d 768, 771-72 (6th Cir. 2001), *cert. denied,* 535 U.S. 1088 (2002). In so holding, the Sixth Circuit has emphasized that deference must be accorded to the state courts as "the final authority on state law," and that "federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Vroman,* 346 F.3d at

---

1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

[6] *See also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998).

[7] *Cf. Cox v. Angelone,* 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

603; *Israfil,* 276 F.3d at 771.

Here, as in *Vroman* and *Israfil,* the trial court initially rejected petitioner's post-conviction petition on the ground that petitioner had failed to comply with Ohio's timeliness requirements. (*See* Doc. 5, Ex. H). However, the trial court later issued an Amended Entry, which suggests that the petition ultimately may have been denied on other grounds. (*See id.,* Ex. I). Petitioner's ineffective assistance of counsel claim alleged in Ground Four apparently is based on the premise that the post-conviction petition was denied on state procedural timeliness grounds. (*See* Doc. 1, p. 6). Nevertheless, because the final Amended Entry clouds the issue, and out of an abundance of caution, this Court will assume that in this case petitioner's state post-conviction petition was "properly filed" within the meaning of §2244(d)(2)'s tolling provision.

Under § 2244(d)(2), the statute of limitations was tolled from February 7 through July 3, 2002, when the 30-day period expired for filing an appeal to the Ohio Court of Appeals from the trial court's final Amended Entry of June 3, 2002 in the post-conviction proceeding. *See* R. App. P. 4(A). Absent any further tolling, the statute of limitations, which began running again on July 4, 2002, expired 159 days later on December 10, 2002.

On October 9, 2002, during the time remaining in the limitations period, petitioner's counsel did file a notice of appeal with the Ohio Court of Appeals, which arguably served to further toll the running of the statute of limitations. If the notice of appeal had been "properly filed" within the meaning of § 2244(d)(2), the statute of limitations would have been tolled from October 9 through December 30, 2002, and the instant petition would not be time-barred. However, because the Ohio Court of Appeals *sua sponte* dismissed the appeal due to petitioner's failure to comply with state procedural time requirements governing the filing of the notice of appeal (*see* Doc. 5, Ex. K), the notice of appeal was not "properly filed" and, therefore, did not toll the limitations period during the time it was pending before the state courts under § 2244(d)(2). *Cf. Vroman,* 346 F.3d at 603; *Israfil,* 276 F.3d at 771-72; *see also supra* p. 7.

Finally, petitioner's motion to withdraw his guilty plea, filed in the Hamilton County Common Pleas Count on January 21, 2003 *after* this action commenced, has no effect on the calculation of the limitations period. As noted *supra* p. 8, by the time petitioner "filed" the instant petition, the statute of limitations already had

8

run its course.

Under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999).[8] Petitioner states in the petition that he provided his petition to prison authorities for mailing on December 19, 2002, the date he also signed it. (Doc. 1, p. 7). Absent evidence to the contrary, the Court assumes the petition was delivered to prison authorities as petitioner has averred, on December 19, 2002.[9] By then, however, the statute of limitations had expired.

Beyond statutory tolling, the statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In determining whether the statute of limitations should be equitably tolled, the court shall consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

---

[8] *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

[9] *Cf. Burnett v. Birkett,* No. 00-10144-BC, 2002 WL 31748843, at *3 (E.D. Mich. Nov. 26, 2002) (unpublished) (citing *Hudson v. Martin,* 68 F.Supp.2d 798, 799 n.2 (E.D. Mich. 1999), *aff'd,* 8 Fed. Appx. 352 (6th Cir. Mar. 22, 2001)).

Petitioner has not attempted to apply the five *Dunlap* factors to this case. Petitioner does not argue, and there is no evidence in the record to suggest, that petitioner was ignorant, or lacked notice or constructive knowledge, of the one year filing requirement for federal habeas petitions. Even assuming, *arguendo,* that he lacked such knowledge, it is well-settled that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir.), *cert. denied,* 125 S.Ct. 200 (2004) (quoting *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991)). Moreover, although the question is close, petitioner has failed to demonstrate that he acted with due diligence in pursuing his state and federal remedies. Therefore, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the statute commenced running with respect to the claims alleged in Grounds One through Three of the petition on July 16, 2001 and expired on or about December 10, 2002, even assuming in petitioner's favor that his state post-conviction petition filed on February 7, 2002 statutorily tolled the running of the statute of limitations under 28 U.S.C. § 2244(d)(2). The instant petition for writ of habeas corpus, "filed" on December 19, 2002, was submitted over a week too late. Moreover, although the undersigned concedes that the question is close, no equitable tolling principles apply to permit review of petitioner's time-barred claims for relief. Therefore, the claims alleged in Grounds One, Two and Three of the petition should be DISMISSED with prejudice as time-barred under 28 U.S.C. § 2244(d).

### B. The Claim Alleged In Ground Four, Which Is Not Time-Barred, Should Be Dismissed Because It Is Not Cognizable In This Habeas Proceeding

In Ground Four of the petition, petitioner essentially alleges that he was denied effective assistance of counsel by an attorney who "failed to file Motion to Vacate or Set Aside Sentence in a timely manner" on his behalf. (Doc. 1, p. 6). Although this claim is not barred from review on statute of limitations grounds, *see supra* p. 6 n.3, the claim should be dismissed on the ground that it is not cognizable in this federal habeas proceeding.

The writ of habeas corpus is not the proper means by which prisoners can challenge errors or deficiencies in state post-conviction proceedings because the

claims address collateral matters and not the underlying conviction giving rise to the prisoner's incarceration. *Kirby v. Dutton,* 794 F.2d 245, 247 (6th Cir. 1986). Moreover, it is well-settled by U.S. Supreme Court precedent that the Sixth Amendment right to counsel, which includes the right to effective assistance of counsel, does not extend beyond a criminal defendant's first appeal as of right to state discretionary appeals or collateral review proceedings. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 755-57 (1991) (relying on *Ross v. Moffitt,* 417 U.S. 600, 616 (1974), and *Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987)).

In Ohio, the first appeal as of right is a direct appeal to the Ohio Court of Appeals, where the criminal defendant has the constitutional right to effective assistance of counsel in prosecuting that appeal. *See State v. Vaughn,* 241 N.E.2d 288 (Ohio Ct. App. 1968). The alleged attorney error at issue here, however, occurred in filing petitioner's state post-conviction petition. In that state collateral review proceeding, petitioner neither was entitled to have counsel appointed to represent him in the matter nor had the constitutional right to effective assistance by any attorney retained by him to prosecute such a further appeal. *Cf. Mapson v. Russell,* 869 F.2d 1491 (table), No. 88-3959, 1989 WL 16211, at **1 (6th Cir. Feb. 23, 1989) (unpublished) (affirming denial of petition alleging ineffective assistance of post-conviction appellate counsel as "not cognizable in federal habeas corpus," because "[t]here is no right to counsel that arises under the sixth amendment in a discretionary appeal from a judgment of conviction").

This Court on federal habeas corpus review has jurisdiction only to address challenges to a petitioner's state conviction on the ground that petitioner's confinement violates the Constitution, laws or treaties of the United States. *See* 28 U.S.C. § 2254(a). As discussed above, petitioner's allegation in Ground Four that he was denied effective assistance by his counsel in state post-conviction proceedings does not trigger constitutional concerns. The claim, therefore, does not allege a cognizable ground for federal habeas corpus relief.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2. A certificate of appealability should issue with respect to the constitutional claims alleged in Grounds One through Three of the petition, which

this Court has concluded are barred from review on procedural statute of limitations grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would find it debatable whether the Court is correct in its procedural ruling and whether these grounds state viable constitutional claims. A certificate of appealability should not issue, however, with respect to Ground Four of the petition, which was addressed on the merits herein, because petitioner has failed to make a substantial showing of the denial of a constitutional right based on that claim. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and, therefore, GRANT petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  10/13/05                      s/Timothy S. Black
     cbc                                    Timothy S. Black
                                           United States Magistrate Judge

J:\BRYANCC\2005 habeas orders\03-61denypet.sol-waiv.noncog-postconv.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Lamond J. Ellis,
    Petitioner

vs                                          Case No. 1:03cv61
                                             (Weber, Sr.J.; Black, M.J.)

Deb Timmerman-Cooper,
    Respondent

# NOTICE

    Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)   Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).