UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAMOND J. ELLIS,

        Petitioner

    v.                                          C-1-03-61

DEB TIMMERMAN-COOPER[1],

        Respondent

## ORDER

This matter was referred pursuant to 28 U.S.C. § 636 to the United States Magistrate Judge for consideration and report on the Petition for Writ of Habeas Corpus filed by the petitioner pursuant to 28 U.S.C. § 2254.  The matter is before the Court upon the Report and Recommendation of the Magistrate Judge (doc. no. 6) recommending that the Petition for Writ of Habeas Corpus be dismissed to which neither party has objected.

Upon a *de novo* review of the record, the Court finds that the Magistrate Judge has accurately set forth the applicable law and has properly applied it to the particular facts of this case.  Accordingly, in the absence of any objection by petitioner, this Court accepts the Report as uncontroverted.

---

[1] In the petition, petitioner properly named as respondent Mark Houk, who was then Warden of London Correction Institution (LCI), where petitioner is incarcerated.  However, since the time petitioner instituted this action, Deb Timmerman-Cooper has replaced Mark Houk as LCI's Warden.  Because Deb Timmerman-Cooper is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent.  *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.

Accordingly, the Court accepts the factual findings and legal reasoning of the Magistrate Judge and hereby **ADOPTS AND INCORPORATES BY REFERENCE** into this Order his Report and Recommendation dated October 14, 2005.  The Petition for Writ of Habeas Corpus is, therefore, **DENIED WITH PREJUDICE.**

A certificate of appealability shall issue with respect to the constitutional claims alleged in Grounds One through Three of the petition, which this Court has concluded are barred from review on procedural statute of limitations grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would find it debatable whether the Court is correct in its procedural ruling and whether these grounds state viable constitutional claims.  A certificate of appealability shall not issue, however, with respect to Ground Four of the petition, which was addressed on the merits herein, because petitioner has failed to make a substantial showing of the denial of a constitutional right based on that claim.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would be taken in "good faith," and, therefore, **GRANTS** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

This case is **DISMISSED AND TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

                                                  s/Herman J. Weber
                                          Herman J. Weber, Senior Judge
                                          United States District Court